12511

STATE v. JOHNSON

(145 S. E., 194)

October, 1927.

*Mr. John K. Hamblin,* for appellant,

*Solicitor I. C. Blackwood,* for respondent.

October 26, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

From conviction and sentence in the Court of general sessions of Union County on a charge of assault and battery with intent to kill, the defendant, Gus Johnson, has appealed to this Court. He has also appealed from the order of the Circuit Judge settling the case for appeal.

The first, second, and third exceptions will be considered together. They relate to the failure of the trial Judge, Hon. J. K. Henry, to quash the indictment against the appellant. Counsel for the appellant, when the case was called for trial, moved to quash the indictment on the ground that Mr. Jeter, one of the grand jurors, who

passed upon the indictment in the case, was interested in the prosecution. He requested the Court to have Mr. Jeter sworn as a witness, that he might be examined, and that he might substantiate the statements of counsel that he was interested. The Judge refused to have Mr. Jeter sworn as requested, and refused to quash the indictment on the showing made. There was no statement made by counsel as to what interest in, or connection with, the case Mr. Jeter had, and no facts as to any alleged interest were presented by affidavit.

After defendant's trial and conviction and notice of intention to appeal to this Court had been given, and the case for appeal had been served on the Solicitor, defendant's counsel sought to have incorporated in the record for appeal a statement to the effect that the defendant would testify that W. H. Jeter, member of the grand jury that returned the indictment against the defendant, had offered to "drop the case provided he would work with him, and also offered to settle the case, provided he would pay the prosecutor the doctor's bill and a certain amount of money, which offer was declined by the defendant."

While it is true an indictment under proper circumstances may be quashed, if it be shown to the satisfaction of the Court that improper influences were brought to bear upon the jury returning the indictment, or that disqualified jurors participated in the proceeding where the indictment was returned, we do not think that there was error on the part of the Circuit Judge in the case at bar in the rulings he made. In order to require a Judge to pass upon a motion to quash in the instances referred to, there should be presented to him at the proper time a showing by affidavit as to the improper influences or disqualifications of a grand juror, upon which the motion to quash the indictment is based. It may then be proper for the presiding Judge to have the grand juror sworn to inquire in the matters alleged by the defend-

ant, and the Judge may also make such further inquiry as he shall deem proper.

We do not think, however, that before any charge is specifically made in the proper manner against a grand juror, charging him with an improper interest in the returning of an indictment against the defendant, the Court should call upon the grand juror to be sworn or to make any statement about the matter.

The fourth exception of the appellant was abandoned at the hearing of the appeal.

It appears from the record that the trial Judge charged the jury as follows:

"He must show at the time the difficulty occurred that he was without fault in bringing on the difficulty in which the battle occurred."

By his fifth exception, the appellant charges error in the use of the word "battle," and says that the Judge should have charged that the defendant must show, "at the time the difficulty occurred he was without fault in bringing on the difficulty in which the assault and battery occurred." It is argued that, by the use of the word "battle," the Court "belittled" the defendant's plea of self-defense.

We have read the whole charge of the Circuit Judge, and it is clear to us that the word "battle," as used by him, was a mere *lapsus linguae*. Undoubtedly, he intended to use, and perhaps did use, the word "battery." Since there was no motion to correct the record, we presume that the word "battle" was used. At the time the word "battle" was spoken, the Judge was charging the jury as to assault and battery, and was explaining the legal distinctions as to these terms. We cannot see how the use of the word "battle" could have in any way misled the jury to the appellant's prejudice.

The sixth exception complains of error on the part of the trial Judge in instructing the jury as follows:

"He tried not to have the fight. Not required to

run as a coward, but he must avoid the fight if he can. Must avoid shooting, cutting or striking a fellow man if he can."

We call attention to the two sentences next preceding that language, which were as follows:

"Now, a man has not got to turn tail and run away from his adversary. And another thing he must show you that a man of reasonable, ordinary reason and courage did everything he could to avoid the difficulty, everything in reason to avoid it."

Taking the whole charge together, as it is our duty to do, we cannot find any error in the language complained of.

The affidavit of the appellant, referred to hereinbefore, which the presiding Judge refused to have incorporated in the transcript of record for appeal to this Court, was properly denied a place in such record. The affidavit was not presented to the Court at any time during the trial, and no proffer of it was made.

It is the judgment of this Court that all the exceptions in both the appeals of the appellant be overruled, and that the judgment of the lower Court be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.